IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | C O M P L A I N T |
| MEMPHIS FOODS, L.L.C. d/b/a KFC, | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Ornessia L. Golden who was adversely affected by such practices. As alleged with greater particularity in Paragraphs 8 and 9 below, the Commission alleges that Memphis Foods, L.L.C. d/b/a KFC ("Defendant Employer") subjected Ornessia Golden to sexual harassment. Further, Defendant Employer retaliated against Ornessia Golden by removing her from the schedule and discharging her after she complained about the sexual harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Employer has continuously been an Arkansas limited liability company doing business in the State of Tennessee and the City of Memphis, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).  Defendant Employer owns and operates dozens of KFC restaurants throughout Memphis, TN and regionally.

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Ornessia Golden filed a charge with the Commission alleging violations of Title VII by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least April 2011, Defendant Employer has engaged in unlawful employment practices at its Winchester Avenue location in Memphis, TN, in violation of Sections 703 and 704 of Title VII, 42 U.S.C. § 2000e-2 and 3.

8. The unlawful employment practices involved subjecting Ornessia Golden to a sexually hostile work environment because of her sex, female.

   a. Defendant Employer hired Ornessia Golden as a crewmember at its 6262 Winchester Avenue KFC Restaurant location in Memphis, TN on or about February 19, 2011.

   b. Ms. Golden was 16 years old at the time of her hire.

   c. Store Manager McKinley Howard, then 54-years-old, was a supervisor and empowered by Defendant to hire and fire employees.

   d. About a month after Ms. Golden began working for Defendant Employer, Store Manager Howard began making inappropriate sexual advances toward the minor, Ms. Golden. The harassment was unwelcome.

   e. Store Manager Howard constantly made inappropriate comments to Ms. Golden, including repeatedly asking the minor to become his girlfriend during her work shifts.

   f. In April 2011, Store Manager Howard inappropriately touched Ms. Golden on her shoulders on several occasions while whispering offensive advances in her ear.

   g. Store Manager Howard also began brushing up against Ms. Golden when she mopped the floor and rubbed his groin against her buttocks on at least three occasions.

   h. Ms. Golden opposed Store Manager Howard's inappropriate comments and physical contact and worked in constant fear of Store Manager Howard.

   i. On or about April 24, 2011, Ms. Golden informed her mother of the ongoing harassment.

j. On April 25, 2011, Ms. Golden and her mother contacted Defendant Employer's General Manager R.P. Williams about the harassment. General Manager Williams requested that they meet a few days later to discuss the allegations.

k. On or about April 28, 2011, Ms. Golden and her mother met with General Manager Williams about the harassment when Ms. Golden arrived for her assigned work shift. Ms. Golden gave a detailed account of her harassment by Store Manager Howard during the meeting. Store Manager Howard attended the meeting and denied the allegations.

l. General Manager Williams failed to document Ms. Golden's complaint and did not investigate Ms. Golden's allegations further. General Manager Williams also did not disclose the alleged harassment to Defendant Employer's Area Manager or human resource officials as required by company policy.

m. Defendant Employer did not discipline Store Manager Howard for the harassment and he remained a Store Manager with direct supervisory authority over Ms. Golden after her complaint.

n. The effect of the practice(s) complained of in paragraphs 8(a)-(m) above has been to deprive Ornessia Golden of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex.

9. The unlawful employment practices included retaliation against Ornessia Golden because of her complaint regarding the sexual harassment.

    a. As set forth above in paragraphs 8(a)-(k), Defendant Employer subjected Ornessia Golden to sexual harassment which she both opposed and reported.

    b. After Ms. Golden reported the harassment, Defendant Employer retaliated against Ms. Golden by removing her from the schedule.

c. On April 30, 2011, Defendant Employer's General Manager R.P. Williams advised Ms. Golden that she was required to call in and see if she was needed before reporting to work. This was only two days after Ms. Golden complained of, and reported the harassment.

d. Ms. Golden complied and phoned in daily starting May 1, 2011. Each day Ms. Golden called, Defendant Employer responded that she was not needed because the restaurant was fully staffed.

e. On May 5, 2011, Ms. Golden was sick and went to the doctor. Ms. Golden's mother informed Defendant's Manager Ruthie Sharp that Ms. Golden was not available for work on that date. Ms. Sharp advised Ms. Golden's mother that Ms. Golden must submit a doctor's statement.

f. On May 6, 2011, Ms. Golden delivered her doctor's statement and was again informed that she was not needed for work.

g. On May 9, 2011, Ms. Golden was sick and was not available for work. Ms. Golden's mother contacted Defendant Employer and was again advised to have Ms. Golden submit a doctor's statement.

h. Ms. Golden submitted her doctor's statement on May 10, 2011.

i. On May 11, 2011, Ms. Golden phoned in to inquire about whether she could work and was informed by General Manager R.P. Williams that she was terminated for "no call, no show" despite receipt of her doctor's statement.

j. The effect of the practice(s) complained of in paragraphs 9(a)-(i) above has been to deprive Ornessia Golden of equal employment opportunities and otherwise adversely affect her status as an employee, because of retaliation.

10. The unlawful employment practices complained of in paragraphs 8 and 9 above were intentional.

11. The unlawful employment practices complained of in paragraphs 8 and 9 above were done with malice or with reckless indifference to the federally protected rights of Ornessia Golden.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice that permits or condones sexual harassment or retaliation.

B.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices described in paragraphs 8 and 9 above.

C.     Order Defendant Employer to make whole Ornessia Golden, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D.     Order Defendant Employer to make whole Ornessia Golden, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 and 9 above, in amounts to be determined at trial.

E.     Order Defendant Employer to make whole Ornessia Golden by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices

complained of in paragraphs 8 and 9 above, including emotional distress, pain and suffering, embarrassment, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant Employer to pay Ornessia Golden punitive damages for its malicious and reckless conduct described in paragraphs 8 and 9 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**P. DAVID LOPEZ**
General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

s/ Faye A. Williams (with permission KA)
**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 11730

s/ Joseph M. Crout (with permission KA)
**JOSEPH M. CROUT**
Supervisory Trial Attorney
TN Bar No. 012957

s/ Kenneth Anderson
**KENNETH ANDERSON**
Trial Attorney
D.C. Bar No. 469576

7

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Avenue, Suite 900
Memphis, TN 38104
(901) 544-0137
8